# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

CLAUDE LEE RAGLAND,

    Movant,

vs.                                            CIVIL ACTION NO.: 05-J-324-S

WARDEN BANITA CARTER and
THE ATTORNEY GENERAL OF THE
STATE OF ALABAMA,

    Respondent.

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Claude Lee Ragland, pleaded guilty on December 10, 1999, to unlawful distribution of a controlled substance, in the Circuit Court of Jefferson County. He was sentenced to serve a term of sixteen years in prison, plus an enhancement of five years because the sale occurred within three miles of a school, and an additional enhancement of five years because the sale occurred within three miles of a public housing project. §§ 13A-12-250 and 13A-12-270, *Alabama Code 1975*.

The petitioner appealed this sentence. The Alabama Court of Criminal Appeals found that the petitioner was not informed of the sentencing enhancements at the time of his guilty plea and therefore, the plea was not voluntary. The case was therefore

remanded to the trial court to "allow Ragland to withdraw his guilty plea on the grounds that his plea was not knowingly and voluntarily entered, and, if Ragland so wishes, to allow him the opportunity to enter another plea after he has been fully and correctly informed about the range of sentence." *Ragland v. State*, CR 02-0928, at 6-7 (Ala.Crim.App.2003). On September 3, 2003, the petitioner again entered a plea of guilty to unlawful distribution of a controlled substance. He received a twenty five year sentence, that being comprised of a fifteen year sentence plus the two enhancements of five years each. On December 19, 2003, the Alabama Court of Criminal Appeals affirmed the imposition of that sentence, finding that the trial court complied with its instructions on remand. *Ragland v. State*, CR 02-0928, Memorandum Ruling (Dec. 19, 2003).

On June 30, 2004, the petitioner filed a Rule 32 petition in state court, challenging his conviction. The circuit court denied that petition and the petitioner again appealed. He argued that the trial court "broadened the original indictment by using a substitute indictment that included the enhancement provisions." *Ragland v. State*, CR 03-2082, Memorandum Ruling (Jan. 7, 2005). The Alabama Court of Criminal Appeals found that the petitioner did not present this argument in his original petition and thus it was not properly before them. *Id*. Therefore, the Court affirmed the circuit court's judgment. *Id*. Petitioner did not seek certiorari review

and the Court of Criminal Appeals entered a certificate of judgment on January 26, 2005.

On February 2, 2005, the petitioner filed the petition for writ of habeas corpus now pending before this court. He claims that:

> 1) The substituted indictment, containing the sentencing enhancements, is improper because it was not signed by the grand jury foreman;
>
> 2) His original twenty-six year sentence was improper;
>
> 3) He had ineffective assistance of counsel.

In response to the court's order to show cause, the respondents filed an answer in which they assert that the instant petition is due to be dismissed because the claims are either procedurally defaulted or moot. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner filed a motion to expand the record, asserting that a "mysterious indictment" was filed in his case after it was remanded and that the complete record from the trial court would reflect this indictment. The court denied this motion, stating that the issue before it was not the "indictment" itself, but whether the petitioner had notice of the enhancements. Order, October 22, 2005 (doc. 11). The only documents received from petitioner after this date were notices of changes of address.

The petitioner is procedurally barred from raising his claims of an improper indictment and ineffective assistance of counsel in this court. These two claims in the § 2254 petition have never been presented to the state courts. When a habeas claim has not been presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, the United States Supreme Court has held that it is procedurally defaulted. *Teague v. Lane*, 489 U.S. 288 (1989). "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." *Henderson v. Campbell,* 353 F.3d 880, 891 (11th Cir.2003), citing *Judd v. Haley,* 250 F.3d 1308, 1313 (11th Cir.2001) (citing *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

Petitioner's claim of ineffective assistance of counsel is raised for the first time before this court. Therefore, this claim is procedurally defaulted, and any future attempt to exhaust the claim would be futile because any subsequent Rule 32 petition filed by Baker would be subject to Alabama's restrictions on second or successive Rule 32 petitions. *Baker v. Holt,* 2006 WL 1130811, *3 (11th Cir.2006); citing Ala. R.Crim. P. 32.2(b); *Bailey v. Nagle,* 172 F.3d 1299, 1303 (11th Cir.1999).

While petitioner did raise his claim of an improper indictment in his second appeal of his sentence, the Alabama Court of Criminal Appeals held that the claim

was not properly before them because the petitioner had not raised said claim in his original petition.

> Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court. 28 U.S.C. § 2254(b)(1); *Kelley v. Sec'y for Dept. of Corr.,* 377 F.3d at 1343. In order to be exhausted, a federal claim must be fairly presented to the state courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "It is not sufficient merely that the federal habeas petitioner has been through the state courts ⋯ nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley,* 377 F.3d at 1343-44 (citing *Picard,* 404 U.S. at 275-76, 92 S.Ct. at 512 and *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982)). Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard,* 404 U.S. at 275, 92 S.Ct. at 512 (citations omitted). While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Kelley*, 377 F.3d at 1344-45 (citing *Picard,* 404 U.S. at 277, 92 S.Ct. at 513).

*McNair v. Campbell,* 416 F.3d 1291, 1302 (11th Cir.2005). The petitioner's claim that the indictment was improper was presented for the first time to the Alabama Court of Appeals on appeal from denial of his June 30, 2004, Rule 32 petition. The Court of Appeals found this claim was not properly before it. The petitioner did not seek certiorari review of this ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845, 119 S.Ct. 1728, 1732-33 (1999) (in order to satisfy exhaustion requirements for a

habeas petition, the petitioner was required to present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the state).  Therefore, the claim of an improper indictment is procedurally defaulted.

Although the court is of the opinion that the petitioner procedurally defaulted on these claims, the bar against his bringing these claims is removed if he can show adequate cause for and actual prejudice from the default or that failure to consider the claim would result in a fundamental miscarriage of justice. *Baker v. Holt,* 2006 WL 1130811, *1 (11th Cir.2006); citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2564-65, 115 L.Ed.2d 640 (1991).  The petitioner has offered nothing to excuse the procedural default of his claims.  He further does not claim a "fundamental miscarriage of justice" which has "probably resulted in the conviction of one who is actually innocent."[1]  *Smith v. Murray*, 477 U.S. 527, 537-38 (1986).

Petitioner also challenges his original twenty-six year sentence.  That sentence was set aside by the Alabama Court of Criminal Appeals and the petitioner was subsequently re-sentenced to twenty-five years.  Any claim based on the twenty-six

---

[1]The petitioner actually claims that "[t]he judge tried to mess me up by not.  Me comming back to court with the 16 yrs.  He stuck me with my only way out were parole maybe.  With 15yrs i would do 4 yrs and 8 months my sentence would be over (sic)." Petition, at 5.

year sentence was rendered moot when petitioner was re-sentenced, as petitioner is not serving the sentence about which he complains.

An appropriate order will be entered.

**DONE** this 7th day of June, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE